IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT GRAVES and KIMBERLY GRAVES, as Parents and Guardians of K.G, | |
| Plaintiffs, | Case No. 23 C 2949 |
| v. | Honorable Sunil R. Harjani |
| BOARD OF EDUCATION PLAINFIELD FOR COMMUNITY CONSOLIDATED DISTRICT #202; WILL COUNTY STATE'S ATTORNEY'S OFFICE, a unit of local government, and DAN McGRATH, in his individual capacity, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

In this lawsuit, Plaintiffs allege, on behalf of their minor daughter K.G., that the Board of Education for District 202 violated minor K.G.'s substantive and procedural due process rights under the Fourteenth Amendment when it removed her from school for ten days because she came in close contact with someone who tested positive for Covid-19. Plaintiffs also allege that Will County State's Attorney's Office (WCSAO) and McGrath violated Plaintiffs' Fourteenth Amendment rights by making threats of arrest and criminal liability when no grounds existed. The defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) claiming that the Complaint fails to state a claim upon which relief can be granted. For the reasons stated below, the District's motion [16] is granted and WCSAO's and McGrath's motion [14] is granted in part and denied in part.

**Discussion**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the

1

complaint and draws all inferences in favor of the plaintiff. *Heredia v. Capital Management Services, L.P.*, 942 F.3d 811, 814 (7th Cir. 2019). However, a complaint must consist of more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### Counts I and II

Plaintiffs allege that the District violated K.G.'s rights to procedural due process under the Fourteenth Amendment as a result of K.G.'s 10-day exclusion from in-person school. Compl. ¶¶ 39-50 (Count II).[1] To state a claim for a procedural due process violation, the Plaintiffs must allege "that the defendants (1) engaged in conduct under color of state law, (2) that deprived the plaintiff of a protected property interest, (3) without due process of law." *Bounds v. Country Club Hills Sch. Dist. 160*, 64 F.4th 926, 929 (7th Cir. 2023). The first question the Court must confront is whether Plaintiffs alleged a constitutionally protected property interest. In advancing this interest, Plaintiffs allege that K.G. was removed from in-person instruction between September 16 and 27, 2021, and only received homework assignments without synchronous learning, equivalent to what a suspended student would receive. *See* Compl. ¶¶ 20, 21, 31 & 43. The District contends that her removal with a remote work option is not analogous to a disciplinary suspension because she was not disciplined.

Whether the remote work option is analogous to a suspension is an important consideration in light of the Supreme Court's opinion in *Goss v. Lopez*, 419 U.S. 565, 573–74 (1975). In *Goss*, the Supreme Court held that where a state established and maintains a public school system and requires attendance, the student has a constitutionally protected interest and the state may not withdraw a student from school without due process. Illinois established and maintains a public school system and requires attendance for children between the ages of 6 and 17, meaning school districts in Illinois are subject to the due process standard established in *Goss*. Ill. Const. art. X, § 1; 105 Ill. Comp. Stat. 5/26-1. And in *Goss*, the Supreme Court found that a 10-day suspension deprived a student of their property interest. Of course, the District argues that *Goss* should not apply because K.G. was removed from school as a precautionary measure and not for disciplinary reasons. But this distinction is not important. What matters, as alleged in the Complaint, is that K.G.'s access to her classes was restricted and was "nearly identical" to access during a suspension. Compl. ¶ 43. The property interest of the student remains the same whether it's for precautionary reasons or for a suspension—Illinois provides public education for high school students, so K.G. has a legitimate entitlement to that education. Moreover, the District did not cite any controlling precedent on whether removing a student for a Covid exposure should be treated differently than a suspension under *Goss* and the Court found none. Viewing the allegations in the light most favorable to Plaintiffs, K.G. was removed from school and provided the level of access to

---

[1] The District also contends that Count II should be dismissed because Plaintiffs failed to exhaust their administrative remedies under the Individuals with Disabilities in Education Act, 20 U.S.C. § 1415(b)(c). Doc. [17] at 7-8. Plaintiffs responded that no cause of action was filed against the District under this statute and K.G.'s individual education plan was not challenged. Doc. [21] at 6. As Count II is dismissed on other grounds, the Court need not delve into this further.

2

education as she would have if she were suspended, so for the purposes of deciding this motion, the Court will treat K.G.'s removal as analogous to a suspension.

Next, K.G.'s claims that her property interest was revoked without due process. Under *Goss*, while a student has a property interest in a public education, the due process requirement placed on a school when removing a student is minimal because of a school's need to operate efficiently. *See Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 627 (7th Cir. 2016). Due process requires that a student facing a brief 10-day or less suspension be given oral or written notice of the charges against her and, if she denies them, an explanation of the evidence the authorities have and an opportunity to present her side of the story. *Goss*, 419 U.S. at 581; *Lucas*, 827 F.3d at 267.[2] It is undisputed that Plaintiffs received written notice of the reason K.G. could not return to school. Compl. ¶¶ 20-21. The question then is whether Plaintiffs denied the charges against K.G., and if so, whether she was given an opportunity to explain her side of the story.

Plaintiffs do not appear to deny the school's allegation that K.G. came in close contact with a student who tested positive for Covid. Without this denial, it is not apparent that Plaintiffs are entitled to a hearing to present their side of the story. Plaintiff's Complaint instead disputed whether K.G. herself had Covid, and alleged that they provided three negative Covid tests as evidence to the District. Compl. ¶ 24. But the District did not raise the issue of whether Plaintiffs' dispute and provision of negative Covid tests qualified as a denial. So, viewing the allegations in the light most favorable to the Plaintiffs and given the lack of a challenge from District, the Court will move on to consider whether she was entitled to a hearing.

The requirements for a hearing under *Goss* are minimal. Schools are required to give the student an opportunity to explain her version of the facts, be told what she was accused of, and the basis of the accusation. *Goss*, 419 U.S. at 581; *Lucas*, 827 F.3d at 627. These requirements can be satisfied by an "informal give-and-take" and do not require a formal hearing. *Lucas*, 827 F.3d at 627 (quoting *Goss*, 419 U.S. at 584). The Complaint alleged that Plaintiffs were notified on September 16, 2021 that K.G. could not return to school for ten days because she came in close contact with a student who tested positive for Covid. Compl. ¶¶ 20-21. Subsequently Plaintiffs advised the District of K.G.'s three negative Covid tests in an attempt to allow her to return to school and the District advised Plaintiffs that K.G. could not return to school based on the negative tests. Compl. ¶ 24. With these allegations, Plaintiffs were given constitutionally sufficient notice of the District's reason for removing K.G. from school—that she came in close contact with someone who tested positive for Covid. Plaintiffs had an opportunity to present K.G.'s side of the story—that K.G. did not have Covid and should be allowed back at school. The Due Process Clause protects the process relating to K.G.'s temporary removal from school, it does not grant Plaintiffs their preferred outcome. As a result, Count II is dismissed.

---

[2] *Goss* reserved the question of whether more formal procedures are necessary for longer suspensions or expulsions, but the Seventh Circuit has held that due process for an expulsion does not require a more elaborate hearing than the "fundamentally fair procedures" set out in *Goss*. *Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791, 795–96 (7th Cir. 2008). As K.G. was only excluded for 10 days, there is no issue as to whether the process described in *Goss* is sufficient.

K.G. also alleges that her substantive due process rights were violated by her removal from school (Count I). Substantive due process protects individuals against an arbitrary abuse of power that "shocks the conscience" which is unjustifiable by any governmental interest. *Remer v. Burlington Area Sch. Dist.*, 286 F.3d 1007, 1013 (7th Cir. 2002). The Seventh Circuit and courts in this district have repeatedly held that state and local governments have a compelling interest in taking actions to prevent the spread of Covid-19 and that those actions were not substantive due process violations. *See Navratil v. City of Racine*, No. 23-1208, 2024 WL 1979297, at *8 (7th Cir. May 6, 2024) (affirming denial of a substantive due process claim arising out of the denial of Covid-19 emergency funds); *Lukaszczyk v. Cook Cnty.*, 47 F.4th 587, 603 (7th Cir. 2022), *cert. denied sub nom. Troogstad v. City of Chicago, Illinois*, 143 S. Ct. 734 (2023) (affirming denial of a preliminary injunction on the Covid-19 vaccine mandate). For example, in *Firszt v. Bresnahan*, the district court found that Illinois Executive Order 2021-18 and the school district's implementation of the mask mandate were enacted to prevent the spread of Covid-19 and were not plausibly "so egregious and outrageous as to shock the conscience." No. 21-CV-6798, 2022 WL 138141, at *2 (N.D. Ill. Jan. 14, 2022). The plausibility of the substantive due process claim in this case is further called into doubt when comparing the allegations here to conduct the Seventh Circuit has actually found to have shock the conscience, such as a police officer sexually assaulting a student during a ride along. *See Hess v. Garcia*, 72 F.4th 753, 767 (7th Cir. 2023). As alleged, the District's actions in excluding K.G. for ten days aligned with the Order of Quarantine provided by the Will Country Public Health Department and the guidance provided in Illinois Executive Order 24 (EO-24), which were intended to limit the spread of Covid-19 while allowing schools to remain open for in-person classes during the pandemic. Compl. ¶ 27; Ill. Exec. Ord. 2021-24. Viewing the facts in the light most favorable to Plaintiffs, the District's actions have a compelling government interest and do not rise to the level of an abuse of power that shocks the conscience.

Counts I and II must also be dismissed for other reasons. These counts against the District for constitutional violations are brought under 42 U.S.C. §1983. To bring a Section 1983 claim against a municipality, a plaintiff must also allege that the deprivation was caused by a municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiffs fail to allege any policy in their Complaint that purportedly caused the constitutional violation. Rather, it alleges that the District advised the Plaintiffs that they would not accept K.G.'s negative tests while letting K.G.'s older sister attend school despite being in close contact with K.G. in order to purportedly demonstrate the District's "lack of uniform adherence to any policies[.]" Compl. ¶¶ 24-25. But this is merely a description of how the District purportedly acted inconsistently with respect to K.G. and her sister, and is not a sufficient allegation of any District's policy or custom.[3]

---

[3] Plaintiffs claim that the District's policy of excluding students despite negative Covid tests was contrary to the mandate in EO-24. Doc. [21] at 5. This assertion is both irrelevant and frankly, incorrect. EO-24 requires that schools take measures to ensure the safety of students and school personnel. This includes excluding "any Student or School Personnel who is a Close Contact for a minimum of 14 days or as otherwise directed by the School's local health authority, which may recommend options such as Exclusion for 10 days or 7 days with a negative test result on day 6." Ill. Exec. Ord. 2021-24. The Complaint alleges that K.G. was excluded for ten days after providing three negative Covid tests near the beginning of her

For the reasons stated above, the Court grants the District's motion to dismiss Counts I and II without prejudice.

### Count III

WCSAO contends that it is a not an entity subject to suit under § 1983. In their response, Plaintiffs agree that WCSAO is not a suable entity and request leave to amend. Under Federal Rules of Civil Procedure Rule 15, a plaintiff is generally free to amend their complaint once as a matter of course. Fed. R. Civ. P. 15(a). While Rule 15(a) has a 21-day time limit for amending a pleading after service of a responsive pleading, a motion to dismiss is not a responsive pleading for the purpose of Rule 15, so that limit does not apply. *Foster v. DeLuca*, 545 F.3d 582, 583–84 (7th Cir. 2008). Thus, the Court grants WCSAO's motion to dismiss Count III without prejudice.[4]

### Count IV

McGrath contends that he is entitled to absolute prosecutorial immunity for the conduct alleged in Count IV, while Plaintiff argues that it falls outside the scope of the immunity doctrine. Absolute prosecutorial immunity shields a prosecutor from liability for actions intimately associated with the judicial phase of the criminal process, but it does not apply to administrative or investigatory activities. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The inquiry turns on whether the prosecutor was performing a core prosecutorial function. *Jones v. Cummings*, 998 F.3d 782, 787–88 (7th Cir. 2021). The official seeking the absolute immunity bears the burden of showing the immunity is justified by the function in question. *Burns v. Reed*, 500 U.S. 478, 486 (1991).

K.G. alleges that McGrath threatened to have Mr. Graves arrested if he returned K.G. to school before September 27, 2021, without a legal basis for the arrest since McGrath did not seek a formal court order to enforce the Will County Public Health Department's Order of Quarantine. McGrath argues that this conduct was part of his investigation into whether to initiate charges and that his decision on whether to seek a court order are covered by prosecutorial immunity. Prosecutors' decisions on whether to initiate charges and their actions during judicial proceedings, regardless of motive, are covered by the absolute immunity. *See Jones*, 998 F.3d at 788. But McGrath does not identify any authority to support his contention that immunity should extend to the allegation of threatening to arrest Mr. Graves. Instead, McGrath provided cases that establish that initiating criminal charges and appearing at a probable cause hearing qualify as core prosecutorial functions. For example, McGrath cites *Van Guilder v. Glasgow*, which deals with allegations that the prosecutor initiated criminal charges against the plaintiff without probable

---

exclusion. Compl. ¶¶ 21 & 24. Under a plain reading of EO-24, the District's actions comport with its requirements.

[4] In the alternative, WCSAO moved to dismiss Count III under Rule 12(b)(1). As the Plaintiffs agree that WCSAO is a non-suable entity, the Court does not need to address this argument.

cause and the court found that initiating charges was within the core prosecutorial function. 588 F. Supp. 2d 876, 880 (N.D. Ill. 2008). McGrath also cites *Burns v. Reed*, where the Supreme Court held that appearing in a probable-cause hearing was intimately associated with the judicial phase of the criminal process and therefore was covered by prosecutorial immunity, but giving legal advice to the police during the investigative phase was not. 500 U.S. 478, 491–92, 496 (1991). The difference between the cases McGrath cites and the allegations here, is that the Plaintiffs are not claiming a violation based on any initiation of criminal charges or court proceedings. Rather, they allege a violation based on a threat to arrest that McGrath made to Mr. Graves before there was a legal basis for his arrest.

The question of whether McGrath's conduct is entitled to absolute prosecutorial immunity turns on whether he was acting as an advocate or an investigator, which in part depends on whether probable cause to arrest the plaintiff existed. *Whitlock v. Brueggemann*, 682 F.3d 567, 578 (7th Cir. 2012)). The Seventh Circuit has held that before probable cause to arrest a suspect exists, prosecutors do not function as advocates for the purpose of absolute immunity. *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993)). In *Whitlock* the Seventh Circuit considered whether a prosecutor was absolutely immune for his conduct in the early stages of an investigation before probable cause to arrest existed. The prosecutor in *Whitlock* argued that he should be granted immunity for his conduct during the pre-arrest warrant phase of the investigation because he was merely overseeing events to prepare for trial. The court held that even if a prosecutor later initiates a prosecution, his work in the early stages of the investigation, such as visiting the crime scene and hospital, cannot retrospectively be described as preparing for trial and instead are seen as investigative. *Id.* at 578–79. McGrath's communication with Mr. Graves is analogous to a prosecutor assisting with a police investigation because McGrath was assisting the District with assessing the facts and interacting with possible witnesses before probable cause to arrest Mr. Graves existed. According to the Complaint, the alleged threat of arrest occurred prior to Mr. Graves' attempt to bring K.G. to school, which is the conduct that could have provided the probable cause for an arrest. As a result, McGrath could not have been acting as an advocate at that time. Thus, at this early stage in the proceedings, he has not shown that absolute immunity is justified. The motion to dismiss Count IV is denied.[5]

## Conclusion

For the reasons stated above, the District's motion [16] to dismiss in granted and WCSAO's and McGrath's motion to dismiss [14] is granted in part and denied in part. Counts I, II, and III are dismissed without prejudice and Plaintiffs may refile an amended complaint on those counts if they can cure the deficiencies and are consistent with their obligations under Federal Rule of Civil Procedure 11. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any

---

[5] McGrath did not raise a qualified immunity argument, so the Court need not address qualified immunity.

amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss."). Regardless, an amended complaint is due by June 6, 2024.

**SO ORDERED.**

Dated: May 16, 2024

_____
Sunil R. Harjani
United States District Judge